**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DAVID FENNER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL COMMUNITY BANK,<br><br>Defendant. | Case No. 8:26-cv-03494 |

## CLASS ACTION COMPLAINT

**NOW COMES** DAVID FENNER ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned attorney, complaining of CAPITAL COMMUNITY BANK, ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action seeking redress for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the ECOA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff's primary residence is in Zephyrhills, Florida.

## PARTIES

4. Plaintiff is a consumer and a natural person, over 18-years-of-age, residing in Zephyrhills, Florida.

5. Defendant is a financial institution that provides loans and other services to consumers across the United States.

6. Defendant maintains its principal place in Provo, Utah.

## FACTS SUPPORTING CAUSE OF ACTION

7. In or around June of 2026, Plaintiff applied for a loan from Defendant.

8. On June 3, 2026, Plaintiff received an email from Defendant denying Plaintiff's loan application.

9. The email contained a letter that provided the reasons for the credit denial ("adverse action letter").

10. The adverse action letter stated, in pertinent part, as follows:

> "The information you provided in your application did not score a sufficient number of points for approval of the application. The reasons you did not score well compared to other applicants were:"
>
> - LexisNexis Risk view Score
> - TransUnion Auto Originating Score
> - Number of account balances where the entire account balance is due upon each payment
> - Limited time since applicant was first reported at input address

11. The adverse action letter failed to identify the *specific* reasons for the denial.

12. Plaintiff was forced to file this action to obtain information he is entitled to under the ECOA.

## DAMAGES

13. Defendant's failure to provide Plaintiff with the specific reasons for the credit denial deprived Plaintiff of the opportunity to address or correct the issues that Defendant based its credit denial on.

14. As a result, Plaintiff was not able to correct the alleged deficiency that led to the credit denial.

## CLASS ALLEGATIONS

15. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

16. Upon information and belief, Defendant systematically deprives consumers of information they are entitled to under the ECOA.

17. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals within the United States (1) that received an adverse action letter from Defendant; (2) in the last five (5) years; (3) in which the adverse action letter stated: "After reviewing your application, we're unable to move forward at this time. This decision is based on our internal eligibility criteria for our business funding program."

18. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

19. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

20. The exact number of members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

21. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

22. The members of the Punitive Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

23. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

24. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

25. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative class are entitled to damages as result of Defendant's conduct.

**D. Superiority and Manageability**

26. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

27. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

28. By contrast, a class action provides benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

29. Economies of effort and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

30. Plaintiff will adequately and fairly represent and protect the interests of the Putative

Class.

31. Plaintiff has no interest antagonistic to the Putative Class and Defendant has no defenses unique to Plaintiff

32. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**<u>CLAIMS FOR RELIEF</u>**
**Count I:**
**Defendant's violation(s) of 15 U.S.C. § 1691(d)**
**(On behalf of Plaintiff and Members of the Putative Class)**

33. Plaintiff restates and realleges all proceeding paragraphs as though fully set forth herein.

34. Plaintiff is an "applicant" as defined by 15 U.S.C. § 1691a(b) because she applied to a creditor directly for an extension of credit.

35. Defendant is a "creditor" as defined by 15 U.S.C. §1691(e) because it regularly extends, renews, or continues credit.

36. The aforementioned credit denial is an "adverse action" as that term is defined by 15 U.S.C. § 1691(d)(6) because it was a denial of credit.

37. Section 1691(d) of the ECOA provides, in pertinent part:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken.

38. Section 1691(d)(3) of the ECOA provides that "a statement of reasons [for adverse action] meets the requirements of this section only if it contains the ***specific*** reasons for the adverse

action taken. 15 U.S.C. §1691(d)(3) (emphasis added)

39. The Fifth Circuit has held that reasons provided in adverse action notices must be specific enough to inform the applicant of the nature of the deficiency and allow them to address or correct it. *Fischl v. v. General Motors Acceptance Corp.*, 708 F.2d 143, 147 (5th Cir. 1983).

40. Defendant violated §1691(d)(3) of the ECOA by failing to provide Plaintiff with *specific* reasons for the credit denial.

41. Additionally, the ECOA specifies in Supp. I to Part 1002, comments 9(b)(2) that if a credit scoring system was used, the reasons provided must be the factors the system actually scored.

42. Specifically, Defendant lists a third party twice in its reasoning, LexisNexis RiskView Score and TranUnion Auto Originating Score, without so much as providing the score given by either. The Defendant must provide reasons, not scores. The adverse letter's description of "did not score a sufficient number of points" is the exact kind of "failed to achieve a qualified score" non-statement that Regulation B says is insufficient. Naming the product the score came from fails to fix that issue.

43. Secondly, the statement "Number of account balances where the entire balance is due upon each payment" reads like an internal model variable copied word for word. It seems to mean open, charge-type or paid-in-full accounts, but it doesn't say whether the problem is too many, too few, or something else. A consumer can't understand it or act on it. That conflicts with the specificity requirement and with CFPB Circular 2023-03.

44. Thirdly, Defendant use of a phrase "Limited time since applicant was first reported at input address," while similar to the Regulation B Sample Form describing "length of residence / temporary residence," still includes the unacceptable jargon of "input address." "Input address"

appears to refer to data fed into Defendant's scoring model, not a true description of Plaintiff's situation. Also, the phrase: "first reported" adds a third, unidentified party, and may not refer to long the Plaintiff has lived at the address, but rather to when a data source first linked Plaintiff to that address.

45. Accordingly, Plaintiff was unable to address or correct the alleged deficiencies that Defendant based its denial on.

46. As set forth above Plaintiff suffered damages as a result of Defendant's violations of the ECOA.

**WHEREFORE,** Plaintiff requests the following relief:

**a.** A finding that Defendant violated the §1691d(3) of the ECOA;

**b.** An order granting certification of the Proposed Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned counsel as Class Counsel;

**c.** An award of actual damages to Plaintiff and the Putative Class to be determined by the jury;

**d.** An award of statutory damages to Plaintiff and the Putative Class in the amount of $500,000 or 1% of Defendant's net worth, whichever is less.

**e.** An award of reasonable attorney's fees and costs; and

**f.** Any further relief this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 16, 2026

Respectfully submitted,

**DAVID FENNER**

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com